**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DIEGO DE PAZ TERRAZA,

      Plaintiff,

v.
                                      Case No. 8:24-cv-584-TPB-AEP

DEPARTMENT OF HOMELAND
SECURITY (DHS), et al.,

      Defendants.
_____/

## <u>ORDER DISMISSING CASE</u>

This matter is before the Court on Plaintiff Diego de Paz Terraza's *pro se* complaint, filed on March 4, 2024.  (Doc. 1).  On March 7, 2024, he filed a motion for hearing and to appoint counsel.  (Doc. 2).  After reviewing the complaint, motion, court file, and the record, the Court finds as follows:

Plaintiff Diego de Paz Terraza, a citizen of Guatemala, files suit against the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and the United States of America.  In his complaint (Doc. 1), Plaintiff requests the appointment of counsel as a victim of crime in Guatemala.  In his motion (Doc. 2), Plaintiff requests that the Court hold a hearing, require that he be present at any removal proceedings against him, and for the appointment of counsel to assist him.  The complaint does not include any factual allegations or causes of action, but the litigation appears to stem from the placement of an ICE

detainer on Plaintiff, who is currently incarcerated in Pinellas County jail on state law charges.[1]

The Immigration and Nationality Act deprives this Court of subject-matter jurisdiction to hear any challenges to the detainer or removal proceedings.  The statute specifically provides,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The Eleventh Circuit has held that "[s]ecuring an alien while awaiting [his removal hearing] constitutes an action taken to commence proceedings." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013); *see Johnson v. Acting United States Attorney General*, 847 F. App'x 801, 802 (11th Cir. 2021) (affirming that district court lacked jurisdiction over constitutional challenge to ICE detainers, notice to appear, detention order, and removal order).  Because a detainer has been lodged to secure Plaintiff while awaiting a removal determination, the Court is without jurisdiction.

---

[1] A review of the Pinellas County jail website reflects that Plaintiff was arrested for driving under the influence (property damage) and driving without a valid driver's license.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Plaintiff's complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>13th</u> day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**